IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Bartel Evet Davis,
    Petitioner,

v.                                     1:11cv719 (CMH/TRJ)

Bryan Watson,
    Respondent.

MEMORANDUM OPINION

    Bartel Evet Davis, a Virginia inmate proceeding through counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss and accompanying memorandum, and petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has filed a response; accordingly, this matter is ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

I. Background

    Petitioner is incarcerated pursuant to a final judgment of the Juvenile and Domestic Relations Court for the City of Alexandria entered on January 11, 1983. Pet. 5–6. Petitioner pled guilty to murder, malicious wounding, statutory burglary, three counts of displaying a weapon in the commission of a felony, and two counts of robbery. Id. at 7. He received a total sentence of life plus ten years with the possibility of parole. Id.

    On July 6, 2011, petitioner filed the instant federal habeas petition, which claims that the de jure parole eligibility petitioner possesses does not satisfy the constitutional requirement that juveniles sentenced to life imprisonment without the possibility of parole be given meaningful

opportunity for release.[1] Petitioner requested and was granted a stay pending petitioner's exhaustion of his claims before the Supreme Court of Virginia.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of the City of Alexandria, Virginia, which denied and dismissed the petition on November 28, 2011. Davis v. Warden, CL-11003537, ECF No.6-1. Petitioner appealed to the Supreme Court of Virginia, which denied the petition on June 13, 2012. Davis v. Warden, No. 120325, ECF No. 6-2. After petitioner notified the Court that he had presented his claim to the Virginia courts, the Court reopened this action and directed respondent to respond.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v.

---

[1] The Petitioner originally included a second claim. Petitioner's request to voluntarily withdraw that claim was granted by Order dated November 27, 2012. ECF No.20.

Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.").

Additionally, when a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

When petitioner presented the instant claim to the Alexandria Circuit Court in a state habeas petition, it found that

> The petition is untimely under Virginia Code § 8.01-654(A)(2), that Graham v. Florida is not applicable . . . , that Virginia's abolition of parole under Code § 53.1-165.1 is not applicable to Davis because he was convicted of his crimes before the abolition of parole in 1995, and that he thus remains parole eligible.

Davis v. Warden, supra, at 6-7, ECF No. 6-1. The Fourth Circuit has held that the procedural default rule set forth in § 8.01-654(A)(2) constitutes an adequate and independent state-law grounds for decision. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999).

3

Petitioner argues that the state court's finding that the petition was untimely is not an independent and adequate state law ground. He contends that "because the state courts procedurally barred [p]etitioner's claim based on an interpretation of Graham, the procedural bar is not independent of federal law." Notice 4, ECF No. 6. It is well established, however, that when a state court has ruled that a claim is both procedurally defaulted and without merit, a federal court on habeas review should apply the procedural bar. As the Supreme Court has explained,

> [A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. See Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S.Ct. 183, 184, 80 L.Ed. 158 (1935). Thus, by applying this doctrine to habeas cases, Sykes[1] curtails reconsideration of the federal issue on federal review as long as the state court explicitly invokes a state procedural bar rule as a separate basis for its decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

Harris, 489 U.S. at 264, n. 10 (emphasis original); see also, Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994), cert. denied, 516 U.S. 1122 (1996) (holding that "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."); Ferguson v. Sec'y, Dep't of Corr., 580 F.3d 1183, 1211 (11th Cir. 2009), cert. denied, __ U.S. __, 130 S. Ct. 3360 (2010) ("Additionally, although the court discussed the merits of Ferguson's . . . claim, we can still apply the state procedural bar since it couched its discussion of the procedural bar in the alternative."). Therefore, the claim is simultaneously exhausted and procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur

---

[1] Wainwright v. Sykes, 433 U.S. 72, 81 (1977).

absent such review. Petitioner made no such showing in the Petition, Legal Addendum, or Opposition to Motion to Dismiss. Therefore, this petition will be dismissed.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 30th day of August 2013.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia